# EXHIBIT A

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

October 06 2017 3:38 PM

KEVIN STOCK
COUNTY CLERK
NO: 17-2-12067-2

IN THE PIERCE COUNTY SUPERIOR COURT
STATE OF WASHINGTON

| | |
|---|---|
| THOMAS LEE EVANS,<br><br>               Plaintiff,<br><br>    v.<br><br>JOHN DOE SHERIFF'S DEPUTY # 1, a Pierce County Sheriff's Deputy, in his individual and official capacity and JANE DOE WIFE, and the marital community comprised thereof; JOHN DOE SHERIFF'S DEPUTY # 2, a Pierce County Sheriff's Deputy, in his individual and official capacity and JANE DOE WIFE, and the marital community comprised thereof; PAUL PASTOR, Sheriff of Pierce County, in his individual and official capacity and JANE DOE WIFE, and the marital community comprised thereof; ROB MESKO, Undersheriff of Pierce County, in his individual and official capacity and JANE DOE WIFE, and the marital community comprised thereof; JOHN DOE PIERCE COUNTY JAIL CORRECTIONAL OFFICER, in his individual and official capacity and JANE DOE WIFE, and the marital community comprised thereof; PATTI JACKSON-KIDDER, Chief of Corrections, in her individual and official capacity and JOHN DOE HUSBAND, and the marital community comprised thereof; J. DOE JAIL MEDICAL STAFF, in his/her individual and official | No.<br><br>COMPLAINT |

capacity and J. DOE SPOUSE, and the marital community comprised thereof; MIGUEL BALDERRAMA, M.D., Medical Director of the Pierce County Jail in his individual and official capacity and JANE DOE WIFE, and the marital community comprised thereof; and and PIERCE COUNTY, a municipal corporation,

Defendants.

COMES NOW Thomas Evans, the Plaintiff, by and through his attorneys of record, Kannin Law Firm P.S., and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1.

The Plaintiff is a married man living in the County of Pierce, State of Washington.

2.

At all times referred to herein, Defendant PAUL PASTOR, Pierce County Sheriff was employed by Pierce County and its Sheriff's Department as the sheriff of Pierce County, and is believed to have been the supervising and commanding officer of Defendant ROB MESKO, Pierce County Undersheriff; Defendant PATTI JACKSON-KIDDER, Chief of Pierce County Corrections; Defendant, MIGUEL BALDERRAMA, M.D., Medical Director of the Pierce County Jail; J. DOE JAIL MEDICAL STAFF, Pierce County Jail Medical Staff, and Defendants JOHN DOE SHERIFF's DEPUTY #1 and JOHN DOE SHERIFF's DEPUTY #2. At all times referred to herein, Defendant JOHN DOE SHERIFF's DEPUTY #1 was a deputy sheriff employed by Pierce County and its Sheriff's Department. At all times referred to herein, Defendant Deputy Sheriff JOHN DOE SHERIFF's DEPUTY #2 is believed to have been a deputy sheriff employed by Pierce County and its Sheriff's Department.

3.

At all times referred to herein, Defendant ROB MESKO, Undersheriff was employed by Pierce County and its Sheriff's Department as the Undersheriff and is believed to have been the supervising and commanding officer of Defendant PATTI JACKSON-KIDDER, Chief of Pierce County Corrections.

4.

At all times referred to herein, Defendant PATTI JACKSON-KIDDER, Chief of Corrections, was employed by Pierce County and its Sheriff's Department as the Chief of Pierce County Corrections and is believed to have been the supervising and commanding officer of Defendant MIGUEL BALDERRAMA, M.D., Medical Director of the Pierce County Jail and Defendant J. DOE JAIL MEDICAL STAFF and Defendant JOHN DOE PIERCE COUNTY JAIL CORRECTIONAL OFFICER.  At all times referred to herein, Defendant MIGUEL BALDERRAMA, M.D., Medical Director of Pierce County Jail, was employed by Pierce County and its Sheriff's Department as the Pierce County Jail Medical Director and is believed to have been the supervising chief physician of J. DOE JAIL MEDICAL STAFF, Pierce County Medical Staff. At all times referred to herein, Defendant J. DOE JAIL MEDICAL STAFF and Defendant JOHN DOE PIERCE COUNTY JAIL CORRECTIONAL OFFICER were employed by Pierce County.

5.

The Defendant PIERCE COUNTY is a municipal corporation and local government entity conducting its operations within the State of Washington in Pierce County.

6.

All acts and omissions alleged herein occurred in Pierce County, Washington.

7.

Venue lies in the Pierce County Superior Court because the parties are residents of the State of Washington; the acts, errors, and failures to act occurred in Pierce County; and it is believed that at least one Defendant resides in and or conducts its business in Pierce County.

8.

This court has jurisdiction and venue over this action because the acts and failures to act occurred in the County of Pierce.

9.

Pursuant to RCW 4.96 a claim for damages regarding the events complained of herein was presented to the Risk Management Department for Pierce County.

10.

Defendant PIERCE COUNTY always referred to herein, employed Defendant PAUL PASTOR, Defendant ROB MESKO, and Defendant PATTI JACKSON-KIDDER, and was responsible for the hiring, training, supervision, and discipline of defendant JOHN DOE SHERIFF's DEPUTY #1 and Defendant JOHN DOE SHERIFF's DEPUTY #2, as more fully set forth below.  Defendant PIERCE COUNTY and Defendants PAUL PASTOR, ROB MESKO, and PATTI JACKSON-KIDDER are further responsible by law for enforcing the regulations of the county of Pierce and for ensuring that county of Pierce deputy sheriffs obey the laws of Pierce County and the state of Washington, and are responsible for the hiring, training, supervision, and discipline of county of Pierce deputy sheriffs.

11.

Defendant PIERCE COUNTY always referred to herein, employed Defendant PATTI JACKSON-KIDDER, and Defendant MIGUEL BALDERRAMA, M.D., and was responsible for the hiring, training, supervision, and discipline of Defendant J. DOE JAIL MEDICAL STAFF, and Defendant JOHN DOE PIERCE COUNTY JAIL CORRECTIONAL OFFICER as more fully set forth below.  Defendant PIERCE COUNTY and Defendants PATTI JACKSON-KIDDER and

MIGUEL BALDERRAMA, M.D., are further responsible by law for enforcing the regulations of Pierce County and for ensuring that Pierce County Jail medical staff obey the laws of Pierce County and the state of Washington, and are responsible for the hiring, training, supervision, and discipline of Pierce County Jail medical staff.

12.

Defendant PIERCE COUNTY is a local government, organized as a municipal corporation located in Washington, existing and organized under the laws of the State of Washington. Defendant PIERCE COUNTY provides law enforcement services to its citizens, residents and visitors by and through Pierce County Sheriff's Department. Defendant PIERCE COUNTY was the employer of Defendant PAUL PASTOR, Defendant ROB MESKO, Defendant PATTI JACKSON-KIDDER, Defendant MIGUEL BALDERRAMA, M.D., Defendant JOHN DOE SHERIFF's DEPUTY #1, Defendant JOHN DOE SHERIFF's DEPUTY #2, and J. DOE JAIL MEDICAL STAFF and Defendant JOHN DOE PIERCE COUNTY JAIL CORRECTIONAL OFFICER at the time of the incidents alleged herein.

13.

Plaintiff sues all individual defendants in their individual and official capacities.

14.

At all times referred to herein, defendants PIERCE COUNTY, PAUL PASTOR, ROB MESKO, PATTI JACKSON-KIDDER, MIGUEL BALDERRAMA, M.D., JOHN DOE SHERIFF's DEPUTY #1, JOHN DOE SHERIFF's DEPUTY #2, and Defendant JOHN DOE PIERCE COUNTY JAIL CORRECTIONAL OFFICER and J. DOE JAIL MEDICAL STAFF acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Washington and Pierce County. Collectively these defendants are referred to as the Pierce County Defendants.

**FACTS**

15.

On June 15, 2015, Plaintiff Evans was at his home, 2407 302nd St. Ct. S., Roy, in Pierce County. His wife, Leslie Evans, was with him at the family home. On June 15, 2015, early in the evening Defendant Pierce County Sheriff deputies JOHN DOE SHERIFF's DEPUTY #1 and JOHN DOE SHERIFF's DEPUTY #2 arrived at Plaintiff EVANS' home. Defendant deputies handcuffed and arrested Plaintiff EVANS. While loading Plaintiff Evans into the Defendant Pierce County's motor vehicle, Defendant deputies caused Plaintiff to hit his head on the Deputies' vehicle's door. Defendant deputies JOHN DOE SHERIFF's DEPUTY #1 and JOHN DOE SHERIFF's DEPUTY #2 drove Plaintiff EVANS to the Pierce County Jail.

16.

Prior to June 15, 2015 Plaintiff Evans' physicians had diagnosed him as suffering from Atrial-Fibrillation (A Fib). A Fib is a quivering or irregular heartbeat (arrhythmia) that can lead to blood clots, stroke, heart failure and other heart-related complications. The Pierce County Defendants' acts and failures to act on June 15, 2015 and subsequent days worsened and exacerbated Plaintiff Evans A Fib.

17.

Prior to June 15, 2015 Evans' physicians had diagnosed him as suffering from type 2 Diabetes. Diabetes is a disease in which your blood glucose, or blood sugar, levels are too high. The Pierce County Defendants' acts and failures to act on June 15, 2015 and subsequent days worsened and exacerbated Plaintiff Evans' Diabetes.

18.

Defendant deputies JOHN DOE DEPUTY #1 and JOHN DOE DEPUTY #2 caused Plaintiff EVANS to be booked into the Pierce County Jail.   At the jail, Plaintiff Evans reported that his head hurt. Defendant J. DOE JAIL MEDICAL STAFF is believed to have reviewed Plaintiff Evans' booking into the Pierce County Jail and approved Plaintiff Evans to be kept at the

1  jail without adequate medical screening and without being examined by medical doctors or taken a
2  hospital.

3                                                    19.

4  At the Pierce County Jail Plaintiff EVANS' condition and illnesses worsened ill while he
5  was incarcerated in the Pierce County Jail. Plaintiff made multiple requests for help and/or asked
6  for medical attention and to be seen by a physician. Pierce County Jail personnel, including
7  defendants J. DOE JAIL MEDICAL STAFF and JOHN DOE PIERCE COUNTY JAIL
8  CORRECTIONAL OFFICER ignored Plaintiff's requests and Plaintiff EVANS lost consciousness
9  in his jail cell at the Pierce County Jail. Plaintiff was eventually released from the Pierce County
10 Jail on June 18, 2015.

11                                                   20.

12 Plaintiff EVANS was picked up from the Pierce County Jail by his wife. Plaintiff Evans'
13 condition and illnesses worsened. On the morning of June 19, 2015 Plaintiff's wife drove Plaintiff
14 Evans to the Emergency Department at the CHI Franciscan Health St. Joseph's Medical Center in
15 Tacoma, Washington.

16                                                   21.

17 St. Joseph's Medical Center Doctors and medical staff treated Plaintiff EVANS for the
18 injuries caused by the defendants. Evans's physicians diagnosed him as having suffered a blood
19 clot in his brain/cerebellum caused by a blow/blunt force trauma to Plaintiff Evans' head. As a
20 further result of the head trauma Plaintiff Evans suffered a stroke. Plaintiff EVANS was admitted
21 to, and remained a patient at the St. Joseph's hospital where he was treated for his injuries.
22 Plaintiffs' physicians   kept Evans under observation as he recovered from injuries and illnesses.
23 Plaintiff EVANS was discharged from the St. Joseph's Medical Center   hospital on or about June
24 29, 2015.

25                                                   22.

26

1    After Plaintiff EVANS was discharged from the hospital. Plaintiff's physicians continued
2    to provide medical treatment to Plaintiff for the injuries caused by the Defendants.
3    Plaintiff's physicians also diagnosed Evans' atrial fibrillation that was worsened and lit up as a
4    direct result of the Defendants' acts and failures to act. Plaintiff Evans underwent a painful course
5    of physical therapy that caused him to further suffer as a direct result of the Defendants' acts and
6    failures to act. Plaintiff Evans underwent speech therapy that caused him to further suffer as a
7    direct result of the Defendants' acts and failures to act. Plaintiff 's cognitive and speech functions
8    were impaired and he underwent additional medical treatment. Plaintiff is permanently partially
9    disabled as a direct result of the Defendants' acts and failures to act. act.

10                                              23.

11    After Defendants JOHN DOE DEPUTY #1 and JOHN DOE DEPUTY #2 arrested Plaintiff
12    Evans on June 15, 2015 Defendant Pierce County did not charge Plaintiff Evans with committing a
13    crime.

14                                              24.

15    On June 15, 2015, defendant PAUL PASTOR was the chief of police at the Pierce County
16    Sheriff's Department and as the Chief officer he was the supervising DEPUTY of defendants
17    JOHN DOE DEPUTY #1 and JOHN DOE DEPUTY #2. Defendant PAUL PASTOR was County
18    of Pierce employee responsible for training and supervising defendants JOHN DOE DEPUTY #1
19    and JOHN DOE DEPUTY #2. Defendant PAUL PASTOR was the County of Pierce employee
20    responsible for ensuring defendants JOHN DOE DEPUTY #1 and JOHN DOE DEPUTY #2 were
21    adequately and lawfully trained and supervised when carrying out their duties on behalf of the
22    Defendant PIERCE COUNTY.

23                                              25.

24    The Pierce County defendants caused Plaintiff Evans to suffer painful disabling injuries to
25    his person/body that required the expenditure of money for medical care and treatment of his
26

COMPLAINT - Page 8

injuries. The Pierce County Defendants' acts and failures to act caused Plaintiff Evans to suffer serious permanent disabling injuries. Plaintiff Evans underwent medical treatment for his injuries. Plaintiff Evans anticipates additional medical treatment to be necessary for his injuries caused by the Pierce County Defendants' acts and failures to act. Plaintiff Evans's injuries were and are painful, permanent, disabling, and disfiguring. Plaintiff Evans continues to suffer from his injuries caused by the Pierce County defendants.

26.

The Pierce County defendants caused Plaintiff Evans to lose wages and income as a direct and proximate result of the injuries they caused him to suffer. The Pierce County Defendants' acts and failures to act impaired Plaintiff Evans' ability to earn wages. As a direct result Plaintiff Evans anticipates future lost wages caused by the Pierce County Defendants' acts and failures to act.

**FIRST CLAIM: NEGLIGENCE AGAINST INDIVIDUAL DEFENDANTS JOHN DOE PIERCE COUNTY SHERIFF'S DEPUTY # 1 AND JOHN DOE PIERCE COUNTY SHERIFF'S DEPUTY # 2**

27.

Plaintiff re-alleges paragraphs 1 through 26 above.

28.

Defendants JOHN DOE SHERIFF'S DEPUTY #1 and JOHN DOE SHERIFF'S DEPUTY #2 had a duty to not injure and/or harm Plaintiff Evans when they arrested him and took him into custody on June 15, 2015.

29.

Defendants JOHN DOE DEPUTY #1 and JOHN DOE DEPUTY #2 breached this duty when they allowed/caused Plaintiff's head to hit their vehicle' door after they handcuffed him and loaded him into their vehicle, thereby causing Plaintiff Evans to suffer injuries to his person.

30.

As a direct and proximate result of this negligence Plaintiff Evans suffered damages in an amount to be established at trial.

**SECOND CLAIM: *RESPONDEAT SUPERIOR* LIABILITY AGAINST PIERCE COUNTY AND FOR ITS EMPLOYEES' NEGLIGENCE**

31.

Plaintiff re-alleges paragraphs 1 through 30 above.

32.

At all times, relevant herein, Pierce County was the employer of deputies JOHN DOE DEPUTY #1 and JOHN DOE DEPUTY #2, and the deputies were acting within the scope of their employment with Defendant PIERCE COUNTY when they negligently detained, arrested and transported Plaintiff Evans causing Evans to suffer serious and permanent personal injuries.

33.

As a direct and proximate result of Defendant JOHN DOE DEPUTY #1's and Defendant JOHN DOE DEPUTY #2's negligence Plaintiff Evans was injured and suffered damages in an amount to be established at trial.

34.

Defendant PIERCE COUNTY is liable for the Defendant JOHN DOE DEPUTY #1's and Defendant JOHN DOE DEPUTY #2's negligence, under the theory of *respondeat superior*.

**THIRD CLAIM: FALSE ARREST AGAINST INDIVIDUAL DEFENDANTS PIERCE COUNTY SHERIFF's DEPUTIES JOHN DOE DEPUTY #1 and JOHN DOE DEPUTY #2**

35.

Plaintiff re-alleges paragraphs 1 through 34 above.

36.

Defendants JOHN DOE DEPUTY #1 and JOHN DOE DEPUTY #2 arrested Plaintiff Evans without a warrant and without probable cause and/or a reasonable belief that Plaintiff Evans had committed a crime.

37.

Defendant JOHN DOE DEPUTY #1 and Defendant JOHN DOE DEPUTY #2 caused Plaintiff Evans to be arrested and/or held against his will.

38.

As a direct and proximate result of this false/unlawful arrest, Plaintiff Evans was harmed and has suffered damages in an amount to be established at trial.

**FOURTH CLAIM: FALSE ARREST AGAINST PIERCE COUNTY**

(*RESPONDEAT SUPERIOR*)

39.

Plaintiff re-alleges paragraphs 1 through 38 above.

40.

At all times, relevant herein, Pierce County was the employer of the Defendant deputies JOHN DOE DEPUTY #1 and JOHN DOE DEPUTY #2, and the deputies were acting within the scope of employment when they arrested Plaintiff Evans without probable cause and/or a reasonable belief that Plaintiff Evans had committed a crime.

41.

As a direct and proximate result of this false arrest, Plaintiff Evans has suffered damages in an amount to be established at trial.

42.

Defendant PIERCE COUNTY is liable for the false arrest committed by the defendants JOHN DOE DEPUTY #1 and JOHN DOE DEPUTY #2 under the theory of *respondeat* superior.

**FIFTH CLAIM: VIOLATION OF CIVIL CONSPIRACY AGAINST DEFENDANT PIERCE COUNTY SHERIFF's DEPUTIES JOHN DOE DEPUTY #1 and JOHN DOE DEPUTY #2, and/or DEFENDANT PIERCE COUNTY's EMPLOYEES**

43.

Plaintiff re-alleges paragraphs 1 through 42 above.

44.

On or about June 15, 2015 Defendant JOHN DOE DEPUTY #1 and JOHN DOE DEPUTY #2, combined to act in concert to commit an individual act, or acts, or to commit a lawful act by unlawful means, the principal element of which was an agreement between the defendants to inflict a wrong against, or injury upon the Plaintiff, and/or an agreement between the Defendant JOHN DOE DEPUTY #1 and JOHN DOE DEPUTY #2 and other employees of Defendant Pierce County, to inflict a wrong against, or injury upon the Plaintiff. The incidents occurring on June 15, 2015 and following days was an overt act, and/or a series of overt acts, that resulted in damage to the Plaintiff, including disabling, permanent and disfiguring bodily injuries.

45.

Plaintiff Evans claims damages for the injuries set forth above against Defendant JOHN DOE DEPUTY #1 and JOHN DOE DEPUTY #2, Defendant PIERCE COUNTY and its employees in an amount to be proven at trial.

**SIXTH CLAIM: RESPONDEAT SUPERIOR AGAINST DEFENDANT PIERCE COUNTY FOR ITS DEFENDANT DEPUTIES' CIVIL CONSPIRACY**

46.

Plaintiff re-alleges paragraphs 1 through 45 above.

47.

At all times, relevant herein, Pierce County was the employer of the defendant deputies JOHN DOE DEPUTY #1 and JOHN DOE DEPUTY #2, and the deputies were acting within the scope of employment when they conspired to inflict a wrong against or injury upon the Plaintiff.

48.

As a direct and proximate result of the defendant deputies' conspiracy, Plaintiff Evans was injured and has suffered substantial damages in an amount to be established at trial.

49.

Therefore, Defendant PIERCE COUNTY is liable for the defendant deputies' conspiracy under the theory of respondeat superior.

**SEVENTH CLAIM: NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION AGAINST DEFENDANTS PAUL PASTOR, ROB MESKO AND DEFENDANT PIERCE COUNTY**

50.

Plaintiff re-alleges paragraphs 1 through 49 above.

51.

As the supervisory authority of deputies JOHN DEPUTY DOE #1 and JOHN DEPUTY DOE #1 Defendant PIERCE COUNTY and Defendants Chief PAUL PASTOR, Undersheriff ROB MESK**O** and other supervising employees owed a duty of care to persons in its jurisdiction to make reasonable decisions when hiring County of Pierce Police Department deputies and to make reasonable decisions in training, supervising, disciplining and retaining County of Pierce Police Department deputies, to ensure that Pierce County Deputy sheriffs lawfully arrested citizens, and would not use mistakenly and negligently injure or harm citizens/persons they come into contact with and/or unlawfully arrest them.

52.

At to the time of the incident involving Plaintiff Evans or prior to and after the time of the

1  incident, it is believed that Defendant PIERCE COUNTY and Defendant PAUL PASTOR and

2  Defendant ROB MESKO and other Defendant Pierce County supervising employees inadequately

3  screened deputy sheriff candidates during the hiring process, and inadequately trained or

4  supervised, and failed to discipline deputy sheriffs in its employment at the Pierce County's police

5  department.

53.

These inadequacies were a cause of Plaintiff Evans's injuries or otherwise allowed the Defendants JOHN DOE #1 and JOHN DOE #2 to injure Plaintiff Evans.

54.

As a direct and proximate result of the Defendant PIERCE COUNTY and Defendants Chief PAUL PASTOR 's and undersheriff ROB MESKO's inadequacies, acts, and failures to act, Plaintiff Evans suffered personal injuries and damages in an amount to be established at trial.

**EIGHTH CLAIM: NEGLIGENCE AGAINST INDIVIDUAL DEFENDANTS PATTI JACKSON-KIDDER, MIGUEL BALDERRAMA, M.D., JOHN DOE PIERCE COUNTY JAIL CORRECTIONAL OFFICER, and JANE DOE JAIL MEDICAL STAFF FOR DENIAL OF MEDICAL TREATMENT AT THE PIERCE COUNTY JAIL**

55.

Plaintiff realleges paragraphs 1 through 54 above.

56.

Defendants PATTI JACKSON-KIDDER, MIGUEL BALDERRAMA, M.D., JOHN DOE PIERCE COUNTY JAIL CORRECTIONAL OFFICER and JANE DOE JAIL MEDICAL STAFF had a duty to accurately screen and classify incoming prisoners and a duty to follow the laws of the State of Washington when accepting Plaintiff Evans into Defendants' jail. Defendants PATTI JACKSON-KIDDER, MIGUEL BALDERRAMA, M.D., JOHN DOE PIERCE COUNTY JAIL CORRECTIONAL OFFICER, and J. DOE JAIL MEDICAL STAFF had a further duty to other Pierce County employees, and/or, any one of the named defendants, from deliberately or recklessly

1  refusing and/or denying medical treatment to prisoners in their custody at the Pierce County jail,

2  and the defendants all have a duty to follow the laws of the State of Washington.

3  57.

4  Defendants PATTI JACKSON-KIDDER, MIGUEL BALDERRAMA, M.D., JOHN DOE

5  PIERCE COUNTY JAIL CORRECTIONAL OFFICER, and J. DOE JAIL MEDICAL STAFF

6  breached this duty when they admitted Plaintiff Evans' into the Pierce County jail without

7  accommodating his injuries and illnesses, and when they, deliberately, negligently, or recklessly

8  denied medical treatment to Plaintiff Evans when he was in the Defendants' custody at the Pierce

9  County jail. Defendants PATTI JACKSON-KIDDER, MIGUEL BALDERRAMA, M.D., JOHN

10  DOE PIERCE COUNTY JAIL CORRECTIONAL OFFICER and J. DOE JAIL MEDICAL

11  STAFF further breached their duty when they did nothing to stop each other and Defendant Pierce

12  County employees from negligently or recklessly denying medical treatment to Plaintiff Evans

13  when he was in the Defendants' custody at the Pierce County jail.

14  58.

15  As a direct and proximate result of this negligence Plaintiff Evans suffered damages and

16  will continue to incur substantial damages in an amount to be established at trial.

**NINTH CLAIM: NEGLIGENCE AGAINST PIERCE COUNTY FOR DENIAL OF MEDICAL TREATMENT (*RESPONDEAT SUPERIOR*)**

59.

Plaintiff realleges paragraphs 1 through 58 above.

60.

At all times relevant herein, Pierce County was the employer of Defendants PATTI

JACKSON-KIDDER, JOHN DOE PIERCE COUNTY JAIL CORRECTIONAL OFFICER and J.

DOE JAIL MEDICAL STAFF, and the County's employees were acting within the scope of their

employment. Defendant Pierce County is liable for the negligent and reckless denial of medical

care or treatment to Plaintiff Evans by defendants PATTI JACKSON-KIDDER, JOHN DOE PIERCE COUNTY JAIL CORRECTIONAL OFFICER and J. DOE MEDICAL STAFF, and the deputies' failure to prevent each other from negligently or recklessly denying medical treatment to its prisoners while in custody at the Pierce County Jail, under the theory of *respondeat superior*.

61.

As a direct and proximate result of this negligence Plaintiff Evans suffered damages and will continue to incur substantial damages in an amount to be established at trial.

**TENTH CLAIM: NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION AGAINST DEFENDANTS PAUL PASTOR, PATTI JACKSON-KIDDER, ROB MESKO, MIGUEL BALDERRAMA, M.D. AND DEFENDANT PIERCE COUNTY**

62.

Plaintiff re-alleges paragraphs 1 through 61 above.

63.

As the supervisory authority of Defendants PATTI JACKSON-KIDDER, JOHN DOE PIERCE COUNTY JAIL CORRECTIONAL OFFICER and J. DOE JAIL MEDICAL STAFF, Defendants Chief PAUL PASTOR, ROB MESKO, MIGUEL BALDERRAMA, M.D. and/or other supervising employees owed a duty of care, to persons in Pierce County's jurisdiction and in custody at the Pierce County jail, to make reasonable decisions when hiring Pierce County JAIL/Correctional Department officers, employees and medical staff, and to make reasonable decisions in training, supervising, disciplining and retaining Pierce County JAIL/Correctional Department officers, employees, and medical staff, to ensure that Pierce County JAIL/Correctional officers, employees, and medical staff, did not mistakenly, deliberately or unlawfully withhold, decline, medical care and treatment and/or fail to recognize prisoners' medical conditions such that the defendants' acts and failures to act resulted in unnecessary injuries and/or harm to persons within their custody and control at the Pierce County jail, such as

Plaintiff Evans.

64.

At the time of the incident involving Plaintiff Evans or prior to and after the time of the incident involving Plaintiff Evans, it is believed that Defendant PIERCE COUNTY and Defendants PAUL PASTOR, PATTI JACKSON-KIDDER, ROB MESKO, MIGUEL BALDERRAMA, M.D. and other supervising employees inadequately screened Pierce County JAIL/Correctional officers, employees, and medical staff, candidates during the hiring process, and inadequately trained or supervised, and failed to discipline Pierce County JAIL/Correctional officers, employees, and medical staff in its employment at Pierce County's correctional department.

65.

These inadequacies were a cause of Plaintiff Evans's injuries or otherwise allowed the Defendants, JOHN DOE PIERCE COUNTY JAIL CORRECTIONAL OFFICER and J. DOE JAIL MEDICAL STAFF, and other Pierce County JAIL/Correctional officers, employees, and medical staff, to harm and/or injure Plaintiff Evans.

66.

As a direct and proximate result of the Defendant PIERCE COUNTY, Defendants Chief PAUL PASTOR, ROB MESKO, MIGUEL BALDERRAMA, M.D., and Chief Jail Warden PATTI JACKSON-KIDDER's inadequacies, acts, and failures to act, Plaintiff Evans suffered personal injuries and damages in an amount to be established at trial.

**RELIEF REQUESTED**

WHEREFORE, the Plaintiff prays for judgment and respectfully requests the following relief, for:

a. Damages against the defendants jointly and severally, in an amount to be proven at time of trial;

b. Costs, fees, statutory attorney's fees, and out-of-pocket expenses pursuant to RCW 4.84, and any other applicable statute; and,

c. Such other relief as this Court may deem just and equitable.

DATED this 6th day of October 2017.

**KANNIN LAW FIRM P.S.**

By: /s/ John Kannin

John Kannin WSBA #27315
Attorney for Plaintiff Thomas Evans